November 27th, 2007

Dong O. Chung
111 Stirrup Dr.
Elkton, MD 21921
(410) 996-9502


TO: The Honorable Judge Mary Pat Thynge
CC: Patricia C. Hannigan, Assistant US Attorney
RE: Dong O. Chung v. John E. Potter
    Civil Action No. 07-139


I am sending you documents that include literature on which I am basing my claims and the compensation I am seeking. The information provided is to the best of my knowledge true and correct.
Let me know if additional information is necessary.



Best Regards,

Don Chung

November 25th, 2007

**Civil Action No. 07-139**

DOCUMENTS OF REFERENCE for DONG CHUNG v. JOHN E. POTTER

The following texts are the sources of the plaintiff's arguments. Cited texts include: 1) the **Joint Contract Interpretation Manual,** 2) the **APWU Collective Bargaining Agreement,** and 3) the **2000 Local Memorandum of Understanding for the Delaware P&DC.**

**Joint Contract Interpretation Manual Article 7.3**
*FULL-TIME FLEXIBLE MEMORANDUM*
Even though management has complied with the 80 percent full-time requirement in a 200 man year facility, further conversions to full-time are required when the following requirements are met:
• The part-time flexible employee works at least thirty-nine hours per week during the previous six months (paid leave hours count as work hours, except where taken to round out to forty hours)

• The employee works in an office with 125 or more man years
• The part-time flexible employee was not working in a withheld position during the period
• The work was performed in the employee's craft, occupational group and installation
<u>If a part-time flexible employee meets the above criterion, the senior part-time flexible employee must be converted to full-time flexible.</u> Such employee has a flexible schedule which is established week-to-week and posted on the Wednesday preceding the service week. The schedule may involve varying daily reporting times, varying nonscheduled days and varying reporting locations within the installation depending on operational requirements. Employees converted to full-time flexible status are considered unassigned (unencumbered in the clerk craft) full-time employees who may bid on posted duty assignments or be assigned to residual duty assignments. Full-time flexible assignments are incumbent only assignments and are not filled when vacated.

*The Plaintiff argues that the management has discriminated against him by allowing all other former PTFs to be converted to full-time positions in a timely manner while withholding his conversion to a full-time position even though he had met the listed criterion.*

Part-time flexible employees working at the straight-time rate shall be given priority in scheduling over casual employees. However, that scheduling obligation must be met during the course of a "service week," and the part-time flexible employees must be "qualified and available." (A "service week" begins at 12:01 a.m. Saturday and ends at 12:00 midnight the following Friday).
**<u>A violation of Article 7.1.B.2 may occur when: 1) management schedules a casual for work which a part-time flexible employee could have performed instead</u>** and, 2) the part-time flexible employee had less than 40 straight-time hours (either work or a combination of work and paid leave) during the service week. For example, if, when scheduling part-time flexible employees, management consistently and regularly underestimates the work which will remain at the end of the week for part-time flexible employees, and this results in casuals working at the beginning or the middle of the service week while the part-time flexible employees do not obtain a forty hour week, this practice would constitute a violation of Article 7.1.B.2.

*The Plaintiff argues that the management has discriminated against him by scheduling casuals for work which he could have performed.*

**2000 Local Memorandum of Understanding – Delaware P&DC/Wilmington Post Office**
Item#21.B.2 Motor Vehicle Craft – MVS
<u>**A day-to-day administration of seniority shall include PTFs.**</u>
*(LOCAL MEMORANDUM OF UNDERSTANDING* (Article 30.A of the JCIM)
All memoranda which are part of the 2000-2003 National Agreement – including the Local Memorandum of Understanding (LMOU) – automatically continue through the extended term of the contract – November 20, 2006. The local parties do not have the right to make changes to the LMOU except during the designated 30 day implementation period.)

*The Plaintiff argues that the management has discriminated against him by ignoring his seniority and allowing junior PTFs to work more hours than him. Furthermore, the management has chosen to set other employees' overtime hours as a priority over his straight-time hours.*

DONG O. CHUNG
111 STIRRUR DR.
ELKTON, MD 21921

HONORABLE MARY PAT THYNGE
MAGISTRATE JUDGE
J. CALEB BOGGS FEDERAL BLDG.
844 KING STREET, RM 6100
LOCKBOX 18
WILMINGTON, DE 19801



7006 0100 0000 4 3855 0490

